JS 44 (Rev 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| EVELYNE ROACH | PRINCETON UNIVERSITY and THE TRUSTEES OF PRINCETON UNIVERSITY |

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Mercer
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Kevin Console, Esq., Console Mattiacci Law,
110 Marter Ave, Suite 502 Moorestown, NJ 080572
(856) 854-4000

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U S Government Plaintiff
- [X] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U S Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                            *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - | [ ] 690 Other | [ ] 423 Withdrawal | [ ] 376 Qui Tam (31 USC |
| [ ] 130 Miller Act | [ ] 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| [ ] 140 Negotiable Instrument | Liability | [ ] 367 Health Care/ | | **INTELLECTUAL** | [ ] 400 State Reapportionment |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' | Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted | Liability | [ ] 368 Asbestos Personal | | [ ] 835 Patent - Abbreviated | [ ] 460 Deportation |
| Student Loans | [ ] 340 Marine | Injury Product | | New Drug Application | [ ] 470 Racketeer Influenced and |
| (Excludes Veterans) | [ ] 345 Marine Product | Liability | | [ ] 840 Trademark | Corrupt Organizations |
| [ ] 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 880 Defend Trade Secrets | [ ] 480 Consumer Credit |
| of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards | Act of 2016 | (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle | [ ] 371 Truth in Lending | Act | | [ ] 485 Telephone Consumer |
| [ ] 190 Other Contract | Product Liability | [ ] 380 Other Personal | [ ] 720 Labor/Management | **SOCIAL SECURITY** | Protection Act |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal | Property Damage | Relations | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | Injury | [ ] 385 Property Damage | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ |
| | [ ] 362 Personal Injury - | Product Liability | [ ] 751 Family and Medical | [ ] 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | | Leave Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | Income Security Act | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information |
| [ ] 230 Rent Lease & Ejectment | [X] 442 Employment | [ ] 510 Motions to Vacate | | [ ] 870 Taxes (U S Plaintiff | Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ | Sentence | | or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party | [ ] 899 Administrative Procedure |
| [ ] 290 All Other Real Property | [ ] 445 Amer w/Disabilities - | [ ] 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment | **Other:** | [ ] 462 Naturalization Application | | Agency Decision |
| | [ ] 446 Amer w/Disabilities - | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration | | [ ] 950 Constitutionality of |
| | Other | [ ] 550 Civil Rights | Actions | | State Statutes |
| | [ ] 448 Education | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 2000e, et seq; 42 U.S.C. §1981; 29 U.S.C. § 623 et seq.; and N.J.S.A. § 10:5-1, et seq.
Brief description of cause:
Plaintiff was discriminated Against based on her race and age in violation of federal and state law.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
In excess of $75,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See Instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
10/5/2023

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG JUDGE _____

## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **EVELYNE ROACH**<br>Ewing, NJ 08638<br><br>*Plaintiff,*<br><br>v.<br><br>**PRINCETON UNIVERSITY**<br>701 Carnegie Center<br>Princeton, NJ 08540<br><br>**and**<br><br>**THE TRUSTEES OF PRINCETON UNIVERSITY**<br>701 Carnegie Center<br>Princeton, NJ 08540<br><br>*Défendants* | **CIVIL ACTION NO.**<br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

## I.   INTRODUCTION

Plaintiff, Evelyne Roach ("Plaintiff"), brings this action against her former employers, Princeton University and The Trustees of Princeton University (collectively "Defendants") for discriminating against Plaintiff based upon her age (66 years of age as of her termination) and her race (Black).

Defendants' discriminatory conduct includes subjecting Plaintiff to a hostile work environment, terminating Plaintiff's employment, and failing to select Plaintiff for open positions for which she was qualified. Plaintiff was terminated at age sixty-six (66) after more than thirty (30) years of loyal and dedicated service at Defendants. Plaintiff's performance was at all times

excellent and Defendants have not called Plaintiff's performance into question, nor could they. Defendants replaced Plaintiff with a substantially-younger, less-qualified, non-Black candidate. Defendants also failed to hire Plaintiff into a substantially similar position for which she was qualified, which would have allowed her to remain employed at Defendants; instead, Defendants hired a substantially-younger, non-Black, less-qualified, external candidate. Defendants have failed to provide any legitimate explanation for these adverse actions.

Defendants' conduct is in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Civil Rights Act of 1866, as amended, 42 U.S.C. §1981 ("Section 1981"), the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 *et seq.* ("ADEA") and the New Jersey Law Against Discrimination, as amended, N.J.S.A. § 10:5-1, *et seq.* ("NJLAD"). Plaintiff seeks all damages, including economic loss, compensatory damages, liquidated damages, punitive damages, attorneys' fees and costs, and all other relief this Court deems appropriate under applicable law.

## II.   <u>PARTIES</u>

1. Plaintiff is an individual and a citizen of New Jersey.

2. Plaintiff is Black.

3. Plaintiff was born in 1955 and was sixty-six (66) years of age as of when Defendants terminated her employment.

4. Defendant Princeton University is an educational institution with a principal place of business located at 701 Carnegie Center Princeton, NJ 08540.

5. Defendant Princeton University is engaged in an industry affecting interstate commerce and, at all times material hereto, has regularly conducted business in New Jersey.

6.      Defendant The Trustees of Princeton University is an educational institution with a principal place of business located at 701 Carnegie Center Princeton, NJ 08540.

7.      Defendant The Trustees of Princeton University is engaged in an industry affecting interstate commerce and, at all times material hereto, has regularly conducted business in New Jersey.

8.      Defendants collectively maintain and operate offices located in New Jersey, including within the District of New Jersey.

9.      At all relevant times, Plaintiff primarily worked at the Defendants' offices located at 701 Carnegie Center Princeton, NJ 08540

10.     Defendant Princeton University is the "alter ego" of Defendant The Trustees of Princeton University.

11.     Defendants collectively presented themselves as a single company such that third parties dealt with them as one unit.

12.     Defendant Princeton University shares with Defendant The Trustees of Princeton University, *inter alia*, common ownership, office locations, personnel policies, and employment practices.

13.     Defendant Princeton University and Defendant The Trustees of Princeton University are interconnected such that they are considered a "single" and/or "integrated" employer and/or enterprise. Defendants collectively caused the actions complained of herein.

14.     At all relevant times, Defendants acted by and through their authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendants and in furtherance of Defendants' business.

15.     At all relevant times, Plaintiff was an "employee" of Defendants within the meaning of the statutes which form the basis of this action.

16.     At all relevant times, Defendants acted as an "employer" within the meaning of the statutes which form the basis of this action.

## III.    <u>JURISDICTION AND VENUE</u>

17.     The causes of action that form the bases of this matter arise under Title VII, Section 1981, the ADEA and the NJLAD.

18.     The District Court has jurisdiction over Count I (Title VII) pursuant to 28 U.S.C. § 1331.

19.     The District Court has jurisdiction over Count II (Section 1981) pursuant to 28 U.S.C. §1331.

20.     The District Court has jurisdiction over Count III (ADEA) pursuant to 29 U.S.C. §626(c) and 28 U.S.C. §1331.

21.     The District Court has supplemental jurisdiction over Count IV (NJLAD) pursuant to 28 U.S.C. § 1367.

22.     Venue is proper in this District Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred within this District.

23.     On or about November 1, 2022 Plaintiff filed a Complaint with the Equal Employment Opportunity Commission ("EEOC") complaining of the acts of discrimination alleged herein ("Complaint"). Attached hereto, incorporated herein, and marked as Exhibit A is a true and correct copy of Plaintiff's Complaint (with personal identifying information redacted).

24.     On July 20, 2023, the EEOC issued Plaintiff a Notice of Right to Sue regarding her Charge. Attached hereto, incorporated herein, and marked as Exhibit B is a true and correct copy of this notice.

25.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.   FACTUAL ALLEGATIONS

26.     Plaintiff was hired by Defendants on or around August 30, 1992.

27.     Plaintiff was born in 1955 and is currently sixty-eight (68) years of age.

28.     Plaintiff last held the position of Senior Manager.

29.     Plaintiff last reported to Carol Kondrach ("Kondrach") (65[1], non-Black), Deputy Chief Information Officer, Operations and Planning.

30.     Kondrach reported to Jay Dominick ("Dominick") (58, non-Black), Vice President for Information Technology and Chief Information Officer.

31.     Dominick reported to Debbie Prennis ("Prennis") (60, non-Black), Provost.

32.     Defendants have an underrepresentation of Black employees, especially in upper-level positions.

33.     In or about January 2020, Plaintiff began reporting to Kondrach.

34.     Kondrach had no role in Plaintiff being hired at Defendants.

35.     Plaintiff was the only Black employee reporting to Kondrach.

36.     Plaintiff was one of the oldest employees reporting to Kondrach.

37.     At the time of Plaintiff's termination, the following positions reported to Kondrach:

    a)  Evelyne Roach (66, Black), Senior Manager;
    b)  Matt Immordino ("Immordino")(35, non-Black), Director;
    c)  Kevin Miller ("Miller")(38, non-Black), Director;

---

[1] All ages herein are approximations as of Plaintiff's termination.

    d)  Katherine Remus ("Remus")(48, non-Black), Associate Director;
    e)  John Milnes ("Milnes")(55, non-Black), Senior Director;
    f)  Linda Dereka ("Dereks")(50, non-Black), Senior Manager;
    g)  Rebecca Goodman ("Goodman")(70, non-Black), Senior Manager;
    h)  Rita Saltz ("Saltz")(85, non-Black), Senior Policy Advisor.

38.  Plaintiff was more qualified for each of these positions.

39.  Plaintiff was treated differently and worse, and in a more hostile and dismissive manner, than white and/or substantially younger employees were treated.

40.  Plaintiff's performance was unjustly criticized.

41.  Plaintiff was spoken to in a demeaning and condescending manner.

42.  Plaintiff was circumvented.

43.  Plaintiff was excluded from meetings and communications related to her job duties and responsibilities.

44.  Plaintiff was not given credit for work she completed.

45.  Plaintiff was blamed for issues out of her control.

46.  Plaintiff was accused of things she did not do.

47.  Plaintiff's accomplishments were not recognized and/or were downplayed.

48.  Plaintiff's knowledge and skillsets were not recognized and/or were downplayed.

49.  Plaintiff was not provided the opportunity to grow and develop her skills.

50.  Plaintiff was held to a stricter, more stringent standard than younger and/or non-Black employees were held.

51.  Plaintiff was set up to fail.

52.  On or about May 25, 2022, in a meeting with Kondrach and Milnes, Defendants notified Plaintiff that her employment would be terminated, effective August 26, 2022.

53.     During the termination meeting, Defendants brought up the possibility of "retirement." Defendant informed Plaintiff that she was eligible to retire.

54.     Plaintiff understood this to be a reference to Plaintiff's age.

55.     Prior to the May 25, 2022 termination meeting, Plaintiff had not done or said anything to indicate that she was considering retirement or wanted to retire.

56.     Plaintiff had no plans to retire at the time of her termination. She had planned to continue working at Defendants.

57.     Defendants' stated reason for terminating Plaintiff was position elimination.

58.     Defendants' stated reason is false and a pretext for race and/or age discrimination.

59.     Plaintiff received no explanation, including the selection criteria, as to why she was terminated while non-Black and/or substantially-younger employees were retained.

60.     When Plaintiff was notified of termination, there were open positions at Defendants for which Plaintiff was qualified.

61.     Plaintiff was not placed in open positions for which she was qualified in lieu of being notified of termination.

62.     On or about May 30, 2022, Plaintiff applied for the open position of Senior Business Relationship Manager.

63.     Plaintiff was qualified for the Senior Business Relationship Manager position.

64.     The Senior Business Relationship Manager position was substantially similar to Plaintiff's Senior Manager position, which she was told was being eliminated.

65.     On or about June 6, 2022, Plaintiff was interviewed by Carol Williams ("Williams") (52, Black), Chief Information Officer, Service Management Officer, for the Senior Business Relationship Manager position.

66.     On or about June 6, 2022, Plaintiff was interviewed by Phil Immordino ("P. Immordino") (52, non-Black), Director of Customer Service, for the Senior Business Relationship Manager position.

67.     On or about July 1, 2022, Plaintiff was interviewed by Roger Weinsburger ("Weinsburger") (55, non-Black), Assistant Vice President, Finance Technology, Jennifer Poacelli ("Poacelli") (45, non-Black), Vice President for Finance and Treasurer, Jeanette Turner ("Turner") (42, Black), Manager, Finance and Administration, John Higgins ("Higgins") (52, non-Black), Manager of Information Technology, Justin Kazlauskas ("Kazlauskas") (35, non-Black), Manager, Technical Support, Yaron Inbar ("Inbar") (55, non-Black), Assistant, and Angel Brady-Kehm ("Brady-Kehm") (42, non-Black), Service Management Office, Office of Information Technology, for the Senior Business Relationship Manager position.

68.     On or about July 1, 2022, following the above, in a meeting with Williams and P. Immordino, Defendants failed to select Plaintiff for the Senior Business Relationship Manager position.

69.     Defendants' stated reason for failing to select Plaintiff for the Senior Business Relationship Manager position was that Plaintiff did not have the skillset for the position.

70.     Defendants' stated reason was false and a pretext for age and/or race discrimination.

71.     Instead of selecting Plaintiff, Defendants selected _____ (45, non-Black), an external candidate, for the Senior Business Relationship Manager position.

72.     Plaintiff was more qualified for the Senior Business Relationship Manager position as compared to the substantially-younger, non-Black, external candidate who was selected.

73.     On or about August 26, 2022, Defendants terminated Plaintiff's employment.

74.     Plaintiff had no opportunity to remain employed with Defendants.

75.     Defendants retained non-Black and/or substantially-younger employees in positions for which Plaintiff was qualified, if not more qualified, as of when Plaintiff was terminated.

76.     Defendants failed to select Plaintiff for the Senior Business Relationship Manager position because of her race and/or her age.

77.     Defendants notified Plaintiff of the termination of her employment because of her race and/or her age.

78.     Defendants terminated Plaintiff's employment because of her race and/or her age.

79.     Defendants failed to select Plaintiff for or place her in any open position for which she was qualified because of her race and/or her age.

80.     Defendants subjected Plaintiff to a hostile work environment because of her race and/or her age.

81.     Defendants assigned Plaintiff's job duties and responsibilities to non-Black and/or substantially-younger employees.

82.     Plaintiff was more qualified to perform her job duties and responsibilities than the non-Black and/or substantially-younger employees to whom they were assigned.

83.     Plaintiff had no performance or disciplinary issues throughout her employment.

84.     Defendants' race- and age-discriminatory conduct and comments have caused Plaintiff emotional distress.

85.     Defendants did not target or treat in the same way similarly-situated non-Black and/or substantially-younger employees.

86.     Defendants have provided no legitimate, non-discriminatory explanation for subjecting Plaintiff to a hostile work environment.

87.     Defendants have provided no legitimate, non-discriminatory explanation for failing to place Plaintiff into open positions for which she was qualified.

88.     Defendants failed to provide a legitimate, non-discriminatory reason for terminating Plaintiff's employment.

89.     Defendants' comments and conduct evidences a bias against Black and/or substantially-younger employees.

90.     As a direct and proximate result of the discriminatory conduct of Defendants, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

91.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory acts unless and until this Court grants the relief requested herein.

92.     Defendants acted with malice and/or reckless indifference to Plaintiff's protected rights.

93.     The conduct of Defendants, as set forth above, was outrageous under the circumstances and warrants the imposition of punitive damages against Defendants.

94.     No previous application has been made for the relief requested herein.

## COUNT I – TITLE VII

95.     Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

96.     By committing the foregoing acts of discrimination against Plaintiff, Defendants have violated Title VII.

97.     Said violations were especially egregious, intentional and done with malice and/or reckless indifference to Plaintiff's rights, warranting the imposition of punitive damages.

98.     As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

99.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory acts unless and until this Court grants the relief requested herein.

100.    No previous application has been made for the relief requested herein.

**COUNT II – SECTION 1981**

101.    Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

102.    By committing the foregoing acts of discrimination, Defendants have violated Section 1981.

103.    Said violations were especially egregious, intentional and were done with malice and/or reckless indifference, warranting the imposition of punitive damages.

104.    As a direct and proximate result of Defendants' violation of Section 1981, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

105.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory acts unless and until this Court grants the relief requested herein.

106.    No previous application has been made for the relief requested herein.

**COUNT III - ADEA**

107.    Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

108.    By committing the foregoing acts of discrimination, Defendants have violated the ADEA.

109.    Said violations were intentional, willful, malicious and done with reckless disregard for Plaintiff's protected rights, warranting the imposition of liquidated damages.

110.    As a direct and proximate result of Defendants' violations of the ADEA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

111.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory acts unless and until the Court grants the relief requested herein.

112.    No previous application has been made for the relief requested herein.

**COUNT IV – NJLAD**

113.    Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

114.    By committing the foregoing acts of discrimination against Plaintiff, Defendants violated the NJLAD.

115.    Members of upper management of Defendants had actual participation in, or willful indifference to, Defendants' unlawful conduct set forth herein.

116.    Said violations were especially egregious and warrant the imposition of punitive damages.

117.    As a direct and proximate result of Defendants' violations of the NJLAD, Plaintiff has suffered the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

118.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory acts unless and until this Court grants the relief requested herein.

119.    No previous application has been made for the relief requested herein.

### RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' unlawful conduct, and specifically prays that this Court grant the following relief to Plaintiff by:

(a)    declaring the acts and practices complained of herein to be in violation of Title VII, Section 1981, the ADEA, the NJLAD.

(b)    enjoining and permanently restraining the violations alleged herein;

(c)    entering judgment against Defendants and in favor of Plaintiff in an amount to be determined;

(d)    awarding compensatory damages to make Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendants' unlawful conduct;

(e)    awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendants' unlawful conduct;

(f)    awarding punitive damages to Plaintiff under Title VII, Section 1981 and the

NJLAD;

(g)      awarding liquidated damages to Plaintiff under the ADEA;

(h)      awarding Plaintiff such other damages as are appropriate under Title VII, Section 1981, the ADEA, and the NJLAD;

(i)       awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and

(j)       granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

Respectfully submitted,

**CONSOLE MATTIACCI LAW, LLC**

By:      _/s/ Kevin Console_
KEVIN CONSOLE, ESQ.
110 Marter Avenue, Suite 502
Moorestown, New Jersey 08057
Phone: (856) 854-4000
kevinconsole@consolelaw.com

Dated: 10/5/2023                    _Attorney for Plaintiff, Evelyne Roach_

# EXHIBIT A

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | ☐ FEPA<br>**X** EEOC | |

| STATE OR LOCAL AGENCY: |
|---|

| NAME (Indicate Mr., **Ms.**, Mrs.)<br>**Evelyne Roach** | HOME TELEPHONE NUMBER *(Include Area Code)*<br>███████ |
|---|---|

| STREET ADDRESS<br>███████ | CITY, STATE AND ZIP<br>Ewing, NJ 08638 | DATE OF BIRTH<br>███████ |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>**Princeton University;**<br>**The Trustees of Princeton University** | NUMBER OF EMPLOYEES, MEMBERS<br>> 15 | TELEPHONE (Include Area Code)<br>(609) 258-3000 |
|---|---|---|

| STREET ADDRESS<br>701 Carnegie Center | CITY, STATE AND ZIP<br>Princeton, NJ 08540 | COUNTY<br>Mercer |
|---|---|---|

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>**X** Race   ☐ Color   ☐ Sex   ☐ Religion   ☐ National Origin<br>☐ Retaliation   **X** Age   ☐ Disability   ☐ Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE<br><br>*Earliest*          *Latest*  08/25/2022 |
|---|---|

**The Particulars Are:**

A.    1.    Relevant Work History

I was hired by Respondent on August 30, 1993.  I last held the position of Senior Manager.  I last reported to Carol Kondrach (65[a], white), Deputy Chief Information Officer, Operations and Planning.  Kondrach reported to Jay Dominick (58, white), Vice President for Information Technology and Chief Information Officer.  Dominick reported to Debbie Prennis (60, white), Provost.

Respondent subjected me to a hostile work environment, failed to select me for positions for which I was qualified, and terminated my employment because of my race and/or my age.  When I was terminated, Respondent retained less qualified white and/or substantially younger employees in positions for which I was more qualified, and replaced me with a less qualified substantially younger, white external candidate.  When I was terminated, I was age sixty-six (66) with more than thirty (30) years of service at Respondent.

I consistently demonstrated positive performance and dedication to Respondent.  I performed my duties in a highly-competent manner.

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements) |
|---|---|
| | I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
| I declare under penalty or perjury that the foregoing is true and correct. | |

| Date:          Charging Party *(Signature)*:<br><br>*[signature]* | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year)<br><br>*11-1-22* |
|---|---|

---

[a] All ages herein are approximations.

2.    Harm Summary

I have been discriminated against because of my age (66) and my race (black).  Evidence of the discriminatory conduct to which I have been subjected includes, but is not limited to, the following:

(a)  Respondent has an underrepresentation of black employees, especially in high level positions.

(b)  In or about January 2020, I began reporting to Kondrach.

(c)  Kondrach had no role in my being hired at Respondent.

(d)  I was the only black employee reporting to Kondrach.

(e)  I was one of the oldest employees reporting to Kondrach.

(f)  At the time of my termination, the following positions reported to Kondrach.  I was more qualified for each of these positions.

   i)    Evelyne Roach (66, black), Senior Manager;
   ii)   Matt Immordino (35, white), Director;
   iii)  Kevin Miller (38, white), Director;
   iv)   Katherine Remus (48, white), Associate Director;
   v)    John Milnes (55, white), Senior Director;
   vi)   Linda Dereka (50, white), Senior Manager;
   vii)  Rebecca Goodman (70, white), Senior Manager;
   viii) Rita Saltz (85, white), Senior Policy Advisor.

(g)  I was treated differently and worse, an in a more hostile and dismissive manner, than white and/or substantially younger employees were treated.

(h)  My performance was unjustly criticized.

(i)  I was spoken to in a demeaning and condescending manner.

(j)  I was circumvented.

(k)  I was excluded from meetings and communications related to my job duties and responsibilities.

(l)  I was not given credit for work I completed.

(m) I was blamed for issues out of my control.

(n)  I was accused of things I did not do.

(o)  My accomplishments were not recognized and/or were downplayed.

(p)  My knowledge and skillsets were not recognized and/or were downplayed.

(q)  I was not provided the opportunity to grow and develop my skills.

(r)  I was held to a stricter, more stringent standard than younger and/or white employees were held.

EEOC Charge of Discrimination
Initials of Charging Party – Ɛ Ɽ

(s)  I was set up to fail.

(t)  On May 25, 2022, in a meeting with Kondrach and Milnes, Respondent notified me that my employment would be terminated, effective August 26, 2022.  The stated reason was position elimination.  I was told that I could apply for open positions if I wished to remain employed with Respondent.

(u)  When I was notified of termination, there were open positions at Respondent for which I was qualified.

(v)  I was not placed in open positions for which I was qualified in lieu of being notified of termination.

(w)  On May 30, 2022, I applied for the Senior Business Relationship Manager position.  I was qualified for the position.  The Senior Business Relationship Manager position was substantially similar to my Senior Manager position, which I was told was being eliminated.

(x)  On June 6, 2022, I was interviewed by Carol Williams (52, black), Chief Information Officer, Service Management Officer, for the Senior Business Relationship Manager position.

(y)  On June 6, 2022, I was interviewed by Phil Immordino (52, white), Director of Customer Service, for the Senior Business Relationship Manager position.

(z)  On July 1, 2022, I was interviewed by Roger Weinsburger (55, white), Assistant Vice President, Finance Technology, Jennifer Poacelli (45, white), Vice President for Finance and Treasurer, Jeanette Turner (42, black), Manager, Finance and Administration, John Higgins (52, white), Manager of Information Technology, Justin Kazlauskas (35, white), Manager, Technical Support, Yaron Inbar (55, white), Assistant, and Angel Brady-Kehm (42, white), Service Management Office, Office of Information Technology, for the Senior Business Relationship Manager position.

(aa) On July 1, 2022, following the above, in a meeting with Williams and P. Immordino, Respondent failed to select me for the Senior Business Relationship Manager position.  The stated reason was that I did not have the skillset for the position.  This was false.

(bb) Instead of selecting me, Respondent selected _____ (45, white), an external candidate, for the Senior Business Relationship Manager position.  I was more qualified for the Senior Business Relationship Manager position than the substantially younger, white, external candidate who was selected.

(cc) On July 21, 2022, in an email from Kondrach to employees, she falsely stated that I "notified [her] of [my] intention to retire on August 26, 2022."  She instructed employees to "reach out to [me] and congratulate [me] on retirement."

(dd) I understood Respondent's references to my alleged "intention to retire" and "retirement" to be evidence of age bias.

(ee) When Kondrach told me that Respondent was going to throw me a retirement party, I refused, as I was not retiring, it was not my choice to leave Respondent, and I was being terminated.

(ff)  On August 26, 2022, Respondent terminated my employment.

**EEOC Charge of Discrimination**
**Initials of Charging Party –** ER

(gg) I had no opportunity to remain employment with Respondent.

(hh) I received no explanation, including the selection criteria, as to why I was terminated and the white and/or substantially younger employees were retained.

(ii)  Respondent retained white and/or substantially younger employees in positions for which I was qualified, if not more qualified, when I was terminated.

(jj)  Respondent failed to select me for the Senior Business Relationship Manager position because of my race and/or my age.

(kk) Respondent notified me of termination of my employment because of my race and/or my age.

(ll)  Respondent terminated my employment because of my race and/or my age.

(mm)    Respondent falsely stated that I was retiring because of my age.

(nn) Respondent failed to select me for or place me in any open position for which I was qualified because of my race and/or my age.

(oo) Respondent subjected me to a hostile work environment because of my race and/or my age.

(pp) Respondent assigned my job duties and responsibilities to white and/or substantially younger employees.  I was more qualified to perform my job duties and responsibilities than the white and/or substantially younger employees to whom they were assigned.

(qq) I had no performance or disciplinary issues throughout my employment.

(rr)  Respondent's race and age discriminatory conduct and comments have caused me emotional distress.

(ss) Respondent did not target or treat in the same way similarly-situated white and/or substantially younger employees.


B.    1.    Respondent's Stated Reasons

(a)    Respondent has provided no explanation for subjecting me to a hostile work environment because of my race and/or my age.

(b)    Respondent has provided no explanation for failing to place me in open positions for which I was qualified.

(c)    Respondent's stated reason for terminating my employment—position elimination—is pretext for race and/or age discrimination.

(d)    Respondent's stated reason for failing to select me for the Senior Business Relationship Manager position for which I was qualified and interviewed—that I did not have the skillset for the position—is pretext for race and/or age discrimination.

4

**EEOC Charge of Discrimination**
**Initials of Charging Party –**

C.     1.      Statutes and Bases for Allegations

I believe that Respondent has discriminated against me based on my race (black) and my age (66), in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 *et seq.* ("ADEA"); Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), *et seq.* ("Title VII"); the New Jersey Law Against Discrimination, as amended, N.J.S.A. § 10:5-1, *et seq.* ("NJLAD"); and 42 US Code § 1981 ("1981"), as set forth herein.

# EXHIBIT B

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Philadelphia District Office**
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
### (This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 07/20/2023

**To:** Evelyne Roach
██████████████
Ewing, NJ 08638
Charge No: 530-2023-00826

EEOC Representative and phone:

Legal Unit Representative
267-589-9707

---

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 530-2023-00826.

On behalf of the Commission,

Digitally Signed By:Karen McDonough
07/20/2023

Karen McDonough
Deputy District Director