**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| Evelyne Roach, | : | |
| | : | |
| *Plaintiff*, | : | Civil Action No. 3:23-cv-20909 |
| | : | |
| v. | : | |
| | : | |
| The Trustees of Princeton University, | : | Electronically Filed |
| *et al.*, | : | |
| | : | |
| *Defendant*. | : | |

**ANSWER OF DEFENDANT THE TRUSTEES OF PRINCETON
UNIVERSITY[1]
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

**I.    INTRODUCTION**

To the extent the allegations in this section are deemed factual, they are denied. By way of further response, the allegations in this section contain legal conclusions to which no response is required. To the extent a response is required, denied.

---

[1] Plaintiff named both Princeton University and The Trustees of Princeton University as defendants in her complaint. Defendant The Trustees of Princeton University filed a waiver of service for each named defendant, noting that "Princeton University" is not an appropriate party. *See* Doc. Nos. 3&4. Defendant The Trustees of Princeton University again notes that it is the only appropriate party here, as "Princeton University" is not a legal entity.

## II.   **PARTIES**

1.     Admitted in part; denied in part. It is admitted only that Plaintiff is an individual.   Defendant The Trustees of Princeton University ("Defendant" or "University") lacks sufficient information to determine the truth or falsity concerning Plaintiff's current state citizenship. As such, the remaining allegation in this paragraph is denied.

2.     Admitted.

3.     Denied as stated.  It is admitted only that Plaintiff was 66 years old at the time she retired from Princeton University (hereinafter "University"). The remaining allegations in this paragraph are denied.

4.     Denied that "Princeton University" is a legal entity capable of being sued. To the contrary, the appropriate legal entity is The Trustees of Princeton University.

5.     The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, denied that "Princeton University" engages in any activities as a legal entity, for the reasons noted above.

6.     Admitted only that the University operates an educational institution known as Princeton University, with its principal place of business in Princeton, New Jersey.

7.    The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, admitted only that the University regularly conducts business in New Jersey.

8.    The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, denied that "Princeton University" maintains or operates anything, as it is not a legal entity. Admitted that University maintains and operate offices in New Jersey.

9.    Defendant lacks sufficient information to determine what Plaintiff means by "at all relevant times," and this allegation is denied accordingly. To the extent further response is required, it is admitted only that Plaintiff worked for the University for a number of years.

10.    The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, denied.

11.    Denied.

12.    The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, denied. By way of further answer, "Princeton University" is not a separate legal entity.

13.    The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, denied.

14.     The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, denied.

15.     The allegations in this paragraph state legal conclusions to which no response is required.  By way of further response, Defendant lacks sufficient information to determine what Plaintiff means by "at all relevant times," and this allegation is denied accordingly. To the extent a response is required, admitted only that Plaintiff worked as an employee of the University for a number of years.

16.     The allegations in this paragraph state legal conclusions to which no response is required.  Defendant also lacks sufficient information to determine what Plaintiff means by "at all relevant times," and this allegation is denied accordingly.

### III.   <u>**JURISDICTION AND VENUE**</u>

17.     The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, denied.

18.     Admitted.

19.     Admitted.

20.     Admitted.

21.     Admitted.

22.     Admitted only that venue is appropriate based on the allegations of the Amended Complaint.  Denied that there were "events or omissions" giving rise to cognizable claims.

23.     The allegations in this paragraph refer to a written document, the contents of which speak for themselves. Any characterization thereof is denied.

24.     The allegations in this paragraph refer to a written document, the contents of which speak for themselves. Any characterization thereof is denied.

25.     The allegations in this paragraph state legal conclusions to which no response is required.

## IV.     FACTUAL ALLEGATIONS

26.     Admitted in part, denied in part.  It is admitted only that Plaintiff was hired by the University in late August, 1992.

27.     Admitted.

28.     Denied.  By way of further response, Plaintiff last held the title of Senior Manager of Distributed Computing Support in the Office of Information Technology (hereinafter "OIT").

29.     Admitted in part, denied in part.  It is admitted that Plaintiff was supervised by Carol Kondrach at the time Plaintiff retired from the University.  It is also admitted that Kondrach is "non-Black," and works as the Deputy Chief Information Officer in the OIT at the University.  The remaining allegations in this paragraph are denied.

30.     Admitted in part, denied in part. Admitted that Jay Dominick worked as the Vice President and Chief Information Officer in OIT at the University at the

5

time Plaintiff retired from the University. It is also admitted that Dominick is "non-Black," and that Carol Kondrach reported to Dominick at certain points in time during her employment. It is denied, to the extent it is implied, that Plaintiff reported to Dominick at the time of her retirement.

31. Denied as stated. By way of further response, admitted that Jay Dominick reported to Deborah Prentice (62, non-Black) at certain points in time.

32. The allegations in this paragraph are too vague to admit or deny, including the terms "underrepresentation" and "upper-level positions." To the extent a response is required, denied.

33. Admitted.

34. Admitted.

35. Given the lack of time frame, Defendant lacks information sufficient to admit or deny this allegation.

36. Given the lack of time frame, Defendant lacks information sufficient to admit or deny this allegation.

37. Denied as stated. It is specifically denied that this paragraph accurately states the demographic and job information of all individuals listed in this paragraph. It is also denied that Carol Kondrach directly supervised all individuals listed in this paragraph at the time Plaintiff retired from the University. By way of further response, Defendant corrects the demographic and job information listed in this

6

paragraph as follows: Matt Immordino (42, non-Black), Director, Operations Analytics & Capital Planning; Kevin Miller (non-Black), Director, Budget and Finance; Katherine Remus (48, non-Black), Associate Director of Administrative Planning, Executive Vice President; John Milnes (59, non-Black), Senior Director, Organizational Effectiveness; Linda Dereka (57, non-Black), Director Organizational Effectiveness; Rebecca Goodman (70, non-Black), Contracts and Vendor Management; and Rita Saltz (84, non-Black), Senior Policy Advisor.

38.    Denied.

39.    Denied. By way of further answer, this allegation is so vague that any more substantive response is impossible.

40.    Denied. By way of further answer, this allegation is so vague that any more substantive response is impossible.

41.    Denied.

42.    Denied.

43.    Denied. By way of further answer, this allegation is so vague that any more substantive response is impossible.

44.    Denied.

45.    Denied. By way of further answer, this allegation is so vague that any more substantive response is impossible.

46.    Denied.

47.    Denied. By way of further answer, this allegation is so vague that any more substantive response is impossible.

48.    Denied as stated.  It is admitted that Plaintiff did not participate in the national MOR Leaders Program.  The remaining allegations in this paragraph are denied.

49.    Denied. By way of further response, this allegation is so vague that any more substantive response is impossible.

50.    Denied. By way of further response, this allegation is so vague that any more substantive response is impossible.

51.    Denied. By way of further response, this allegation is so vague that any more substantive response is impossible.

52.    The University lacks sufficient information to determine the truth or falsity of the allegations in this paragraph.  As such, the allegations in this paragraph are denied.

53.    The University lacks sufficient information to determine the truth or falsity of the allegations in this paragraph.  As such, the allegations in this paragraph are denied.

54.    The University lacks sufficient information to determine the truth or falsity of the allegations in this paragraph.  As such, the allegations in this paragraph are denied.

55. Denied as a legal conclusion to which no response is required. To the extent this allegation is deemed to be factual, it is so vague that any more substantive response is impossible, and it is denied.

56. Admitted in part, denied in part. It is admitted only that on May 25, 2022, Carol Kondrach and John Milnes informed Plaintiff her position was being eliminated effective August 25, 2022. The remaining allegations of this paragraph are denied.

57. Denied that the meeting of May 25, 2022 was a "termination meeting." Admitted that, during that meeting, Defendant informed Plaintiff of her eligibility for retirement based on the University's established eligibility criteria.

58. The University lacks information sufficient to respond to the allegations in this paragraph, which are accordingly denied.

59. Denied that the meeting of May 25, 2022 was a "termination meeting." By way of further response, the University lacks information sufficient to respond to the remaining allegations in this paragraph, which are accordingly denied.

60. The University lacks information sufficient to respond to the allegations in this paragraph, which are accordingly denied.

61. Denied as stated. It is admitted only that Plaintiff's position was eliminated as part of an organizational restructure of the OIT. All remaining allegations in this paragraph are denied.

62.    Denied as a legal conclusion to which no response is required. To the extent this is deemed to be factual, denied.

63.    Denied.

64.    Denied.

65.    Denied.

66.    Denied as stated. It is admitted Plaintiff applied for the Senior Business Relationship Manager position. The remaining allegations in this paragraph are denied.

67.    Denied.

68.    Denied.

69.    Denied.

70.    Denied.

71.    Denied as stated. It is admitted only that Plaintiff was interviewed by Jennifer Poacelli, Jeanette Turner, Justin Kazlauskas, Yaron Inbar, and Angel Brady-Kehm for the Senior Business Relationship Manager position. The remaining allegations in this paragraph are denied. By way of further response, Defendant corrects the demographic and job information listed in this paragraph as follows: Roger Weisenberg (49, non-Black), Assistant Vice President, Finance Technology; Jennifer Poacelli (51, non-Black), Executive Director, Finance Administration, Vice President for Finance and Treasurer; Jeanette Turner (51, Black), Manager, Finance

10

& Admin, Architecture; Justin Kazlauskas (33, unknown), Manager, Technical Support; Yaron Inbar (62, non-Black), Assistant Vice President, Advancement; and Angel Brady-Kehm (42, unknown), Service Management Office, Office of Information Technology.

72. Denied as stated. It is admitted that Plaintiff was not hired for the Senior Business Relationship Manager position following an extensive interview process. It is also admitted that Carol Williams and Philip Immordino informed Plaintiff she was not selected for the position. The remaining allegations are denied.

73. Denied as stated. It is admitted only that Carol Williams and Philip Immordino informed Plaintiff she was not selected for the position. The remaining allegations are denied.

74. Denied as a legal conclusion to which no response is required. To the extent this allegation is deemed to be factual, denied.

75. Denied as stated. It is admitted Plaintiff was not hired for the Senior Business Relationship Manager position. The remaining allegations in this paragraph lack information that would be required to respond (such as a name, instead of a blank space), and are denied.

76. Denied.

77. Denied.

78. Denied.

79.    Denied as a legal conclusion to which no response is required. To the extent this allegation is deemed to be factual, denied.

80.    Denied as a legal conclusion to which no response is required. To the extent this allegation is deemed to be factual, denied.

81.    Denied as a legal conclusion to which no response is required. To the extent this allegation is deemed to be factual, denied.

82.    Denied as a legal conclusion to which no response is required. To the extent this allegation is deemed to be factual, denied. By way of further response, Plaintiff elected to retire in August 2022 after her position was eliminated.

83.    Denied as a legal conclusion to which no response is required. To the extent this allegation is deemed to be factual, denied.

84.    Denied as a legal conclusion to which no response is required. To the extent this allegation is deemed to be factual, denied.

85.    Denied.  By way of further response, the allegations in this paragraph contain legal conclusions to which no response is required.  To the extent the allegations are deemed factual, denied.

86.    Denied.

87.    Denied.

88.    Denied.

89.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent the allegations are deemed factual, they are denied. By way of further response, it is denied that Defendants engaged in "discriminatory and retaliatory conduct," and denied that Plaintiff suffered emotional distress.

90.     Denied.  By way of further response, denied that the University "targeted" or "treated" Plaintiff the way she describes in this Amended Complaint.

91.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent the allegations are deemed factual, the allegations are denied. By way of further response, the allegation that Plaintiff was subject to a hostile work environment is denied, and it is further denied that the University had no legitimate, non-discriminatory reasons for making employment decisions.

92.     The allegations in this paragraph contain legal conclusions to which no response is required. To the extent the allegations are deemed factual, denied that Plaintiff was qualified for open positions, and further denied that the University had no legitimate, non-discriminatory reasons for making employment decisions.

93.     The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent the allegations are deemed factual, denied.

94.     Denied.

95.     Denied.

13

96.    Denied.  By way of further response, it is specifically denied that Defendants engaged in any discriminatory or retaliatory acts, and therefore denied that Plaintiff suffered any injury or damages therefrom.

97.    Denied.

98.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent the allegations are deemed factual, denied.

99.    The allegations in this paragraph contain legal conclusions to which no response is required.

## COUNT I - TITLE VII
### (Disparate treatment - race discrimination)

100.    The responses to all preceding paragraphs are incorporated by reference.

101.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent the allegations are deemed factual, denied.

102.    Denied.

103.    The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent the allegations are deemed factual, denied.

104.    Denied.

105.    The allegations in this paragraph contain legal conclusions to which no response is required.

14

## COUNT II - SECTION 1981
### (Disparate treatment - race discrimination and retaliation)

106. The responses to all preceding paragraphs are incorporated by reference.

107. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent the allegations are deemed factual, denied.

108. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent the allegations are deemed factual, denied.

109. Denied.

110. Denied.

111. The allegations in this paragraph contain legal conclusions to which no response is required.

## COUNT III - ADEA
### (Disparate treatment - age discrimination)

112. The responses of all preceding paragraphs are incorporated by reference.

113. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent the allegations are deemed factual, denied.

114. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent the allegations are deemed factual, denied.

115. Denied.

15

116.   Denied.

117.   The allegations in this paragraph contain legal conclusions to which no response is required.

## COUNT IV - NJLAD
### (Disparate treatment - age and race discrimination;  retaliation)

118.   The responses to all preceding paragraphs are incorporated by reference.

119.   The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent the allegations are deemed factual, denied.

120.   Denied.

121.   The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent the allegations are deemed factual, denied.

122.   Denied.

123.   Denied.

124.   The allegations in this paragraph contain legal conclusions to which no response is required.

**WHEREFORE,** Defendant demands judgment in its favor, along with any other relief this Court deems just and proper.

16

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint may fail to state a claim upon which relief may be granted.

2. No act or omission on the part of the University was the legal cause of, or a substantial contributing factor to, Plaintiff's alleged injuries or damages.

3. Defendant did not breach any duties owed to Plaintiff.

4. Plaintiff has failed to mitigate damages, if any.

5. The University acted in accordance with all applicable laws, practices, standards, and regulations.

6. Defendant acted reasonably and in good faith at all times with regard to the actions in the Complaint.

7. Plaintiff's claims, in whole or in part, are barred to the extent that the claims or relief sought are moot.

17

The University hereby gives notice that it intends to rely upon other such defenses as may become available or appear during discovery proceedings in this case, and reserve the right to amend this Answer and insert any such defense consistent with the Federal Rules of Civil Procedure.

Date: March 6, 2024

/s/ James Keller

James Keller (020991996)
Saul Ewing LLP
Centre Square West
1500 Market St., 38th Floor
Philadelphia, PA 19102
P: (215) 972-7777
james.keller@saul.com

*Attorney for Defendant*
*The Trustees of Princeton University*

## **CERTIFICATE OF SERVICE**

I, James Keller, certify that on this date I filed via the ECF system a true and correct copy of the foregoing *Answer of Defendant The Trustees of Princeton University to Plaintiff's First Amended Complaint*, which constitutes valid service on the following registered users:

Kevin Console, Esq.
110 Marter Avenue, Suite 502
Moorestown, New Jersey 08057
Phone: (856) 854-4000
kevinconsole@consolelaw.com

*Attorney for Plaintiff Evelyne Roach*

Date: March 6, 2024

___/s/ James Keller_____
James Keller (020991996)
Saul Ewing LLP
Centre Square West
1500 Market St., 38th Floor
Philadelphia, PA 19102
P: (215) 972-7777
james.keller@saul.com

*Attorney for Defendant*
*The Trustees of Princeton University*